**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD KNIPPLE,**

           **Plaintiff,**

**-vs-**                                                  **Case No.  6:08-cv-40-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for a period of disability and disability insurance benefits under the Social Security Act. For the reasons set forth herein, it is **respectfully recommended** that the decision be **AFFIRMED**.

*PROCEDURAL HISTORY*

Plaintiff protectively filed an application for a period of disability and disability insurance benefits in October of 2004 (R. 47-51), alleging an onset date of May 2, 2004. The application was denied initially and upon reconsideration (R. 20-21, 24-29), and Plaintiff requested and received an administrative hearing before an administrative law judge ("the ALJ") (R. 33-37). On February 21, 2007, the ALJ denied Plaintiff's application (R. 8-18), and the Appeals Council subsequently denied Plaintiff's request for review (R. 3-5, 7), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the instant Complaint (Doc. No. 1), and the matter is briefed and ripe for resolution.

### *NATURE OF CLAIMED DISABILITY*

Plaintiff claims disability due to herniated disc in his back and residual back pain (R. 70). His alleged onset date is May 2, 2004, and his date last insured was June 30, 2004 (R. 11, 13).

*Summary of Evidence Before the ALJ*

At the time of the ALJ's decision, Plaintiff was 54 years old (R. 48), with a high school education and some college (R. 16, 79, 248), and with past relevant work history as a sales representative and sales director (R. 16, 70-71).

The medical evidence relating to the pertinent time period (alleged onset through date last insured) is well presented in the ALJ's detailed opinion and, in the interest of privacy and brevity, will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, medical records from Plaintiff's treating physician covering the period from March 12, 2002 to June 22, 2004 show that Plaintiff was treated conservatively for back pain/herniated nucleus pulposus, anxiety and depression, hypertension, and hyperlipidemia (R. 141-151). Medical records after the date last insured included an MRI taken on September 27, 2005, which revealed disc bulges at L3-4, L4-5, and L5-S1 with related facet and ligamentum flavum hypertrophy, flattening of the thecal sac with canal stenosis, and neural foraminal stenosis at the L4-5 and L5-S1 levels. There were also chronic Schmorl's nodes in the lower lumbar spine (R. 186-87). There are no records of surgery, hospitalizations or physical therapy. The medical record also contains opinions from numerous non-examining state agency consultants. Additionally, Plaintiff appeared at his hearing, and testified as to his pain and limitations (R. 227-73). A Vocational Expert ("VE") also appeared and testified (R. 273-88).

Based on the above, the ALJ concluded that through his DLI, Plaintiff had the severe impairments or combination of impairments of low back pain, hypertension, and hyperlipidemia (R.

13). Additionally, he found that Plaintiff had the residual functional capacity ("RFC") to perform light work (R. 14), and that, although Plaintiff's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, his statements concerning their intensity, persistence, and limiting effects were not entirely credible (R. 16). Based upon vocational expert testimony, the ALJ determined that Plaintiff could perform his past work as a sales director or representative, and was therefore not disabled (R. 17-18).

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Plaintiff contends that the administrative decision is in error in that 1) the ALJ failed to adequately evaluate the lumbar spine RFC form submitted by Plaintiff's treating physician and failed to re-contact the physician; 2) the ALJ failed to obtain a consultative examination; and 3) the ALJ failed to consider the side effects of Plaintiff's medications. For the reasons set forth herein, the Court is unpersuaded.

### *1. The lumbar spine evaluation*

On January 4, 2007, almost three years after DLI, Dr. Rommelle Such, a general practitioner and general surgeon, completed a Lumbar Spine Residual Functional Capacity Questionnaire at Plaintiff's representative's request (R. 188-89). Dr. Such found that Plaintiff had back and left arm pain; that an MRI supported the back pain impairment; that Plaintiff was not a malingerer, had reduced ROM[1] in his back, positive straight leg raising test, and tenderness in his back; that the back impairment was reasonably consistent with his symptoms and functional limitations; that pain was severe enough to frequently interfere with attention and concentration; that Plaintiff had medication side effects of dizziness and drowsiness; and that Plaintiff's impairment had lasted or could be expected to last at least twelve consecutive months. Concerning functional limitations, Dr. Such opined that the Plaintiff could walk one-half of a city block without rest or severe pain; could sit for up to 20-30 minutes at a time and could stand for up to 20-30 minutes at a time; could sit, stand and walk for up to two hours per function in an 8-hour workday; would need to take unscheduled breaks every 1-2 hours in an 8-hour workday with position shifting at will; could rarely lift up to 10 lbs.; could never squat or climb ladders, and only rarely twist, stoop, and climb stairs (R. 189-192).

---

[1] Range of Motion.

In his determination, the ALJ described and evaluated the opinion of Dr. Such in great detail (R. 14), but discounted it considerably in formulating Plaintiff's residual functional capacity (R. 17). The Court finds that this was not error.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally

entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ correctly noted that the opinion was issued well over 2 years after the date last insured (R. 17). The ALJ also noted that Dr. Such's opinion is not supported by his own progress notes or with any test results pertinent to the DLI, and that latter test results did not support the conclusions set forth in the opinion. This finding is supported by substantial evidence. As Plaintiff's counsel acknowledges, "Dr. Such's treatment records contain mostly serologic and EKG testing results pertaining to Mr. Knipple's hyperlipidemia and other hematocritic health indicators. (See, *e.g.,* R. 133-170)." (Brief at 4). There are no significant findings with respect to functional limitations or work limitations due to Plaintiff's back pain mentioned in the pertinent progress notes. The ALJ was within his discretion to discount an opinion that did not purport to relate to the time at issue and was otherwise unsupported.

Plaintiff next contends that, in rejecting the opinion as inadequate, the ALJ was obligated to re-contact Dr. Such "to clarify whether the RFC was applicable to [Plaintiff's] pre-DLI functioning." (Brief at 9).

As Plaintiff implicitly acknowledges, it is only necessary to re-contact a treating physician or medical source where the evidence received from that source is inadequate to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1512(e). The ALJ's duty to re-contact a physician does not arise when substantial evidence, including the treating source's own treatment notes, supports a finding that the plaintiff is not disabled. *See Couch v. Astrue*, 267 Fed. Appx. 853, No. 07-13036, 2008 WL 540178, at 3-4 (11th Cir. 2008) (unpublished disposition) (ALJ not required to re-contact treating physician where the physician's progress notes were adequate and the rest of the evidence supported the ALJ's decision). Here, the ALJ has all the relevant treatment notes of Plaintiff's sole

medical provider during the very limited time in question. As noted by the Commissioner, after his alleged onset date and prior to his DLI, Plaintiff only saw Dr. Such for back pain once, on April 8, 2004, and the progress note does not reflect disabling limitations (R. 126). Plaintiff was not treated for back pain again until almost a year later, in March 2005 (R. 120-23). The ALJ noted that Dr. Such's treatment notes "fail to show any real clinical findings of any motor, sensory or reflex loss in the lower back" (R. 16). Thus, while these progress notes are inadequate to *prove* disability, they are adequate to *determine* the question. No error is evident.

### *2. Consultative Examination*

For similar reasons, the Court sees no error in the ALJ's failure to obtain a consultative examination. It is well settled that the ALJ has a duty to develop a fair and full record. *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir.1984). However, " '[i]n fulfilling his duty to conduct a full and fair inquiry, the administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision.' " *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir.1988) (internal citation omitted). Here, there is no indication that a consultative examination which would have had to occur significantly after the date last insured would be of any use at all, let alone be "necessary" to assist the ALJ.

Although Plaintiff cites to *Reeves v. Heckler,* 734 F. 2d 519 (11th Cir. 1984) for support, that case is not persuasive here. In *Reeves,* the Eleventh Circuit vacated and remanded where the ALJ failed to order a consultative examination by an orthopedist even though the Social Security Administration's consulting doctor recommended such an evaluation. The court explained that it was reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary on order to make an informed decision. *Reeves,* 734 F.2d at 522 n. 1. By contrast, here

there was no such recommendation, and no showing that such an evaluation was necessary. Indeed, Plaintiff's own treating physician did not refer Plaintiff to a specialist, there is no mention of any specialized treatment such as injections or physical therapy recommended, and no indication that the treating physician thought Plaintiff's condition was sufficiently serious to warrant surgery or the services of a specialist during the time period at issue and for a substantial time period following. The ALJ had before him all of the progress notes of the treating physician, as well as the testimony of Plaintiff. Where the record is, as here, sufficiently developed, the ALJ need not order a consultative examination. *See Good v. Astrue,* 240 Fed.Appx. 399, 404, 2007 WL 2615382, 4 (11th Cir. 2007) (unpublished), *citing Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir.1999); *see also Lewis v. Commissioner of Social Sec.,* 2008 WL 4405149, 7 (M.D. Fla. 2008).

### *3. Side Effects of Pain Medications*

Plaintiff last contends that the ALJ erred in failing to consider the side effects of the pain medication Plaintiff was taking. "An ALJ has a duty to investigate the possible side-effects of medications taken by a claimant." *Lipscomb v. Commissioner of Social Sec.*, 199 Fed.Appx. 903, 906 (11th Cir. 2006) (unpublished), *citing Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). However, "[w[hen there is no evidence that a claimant is taking medications that cause side-effects, the ALJ is not required to elicit testimony or make findings regarding the effect of medications on the claimant." *Id., see Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992).

Here, there is no evidence that Plaintiff experienced side effects of medication during the time period at issue. Indeed, as pointed out by the parties, there does not appear to be evidence that Plaintiff was even taking Percocet or Zoloft in that time period. Plaintiff acknowledges that Dr. Such's records "do not indicate that he prescribed Percocet [to Plaintiff] before March 1, 2005" (Brief at 12) and the same appears true for Zoloft (R. 123). Moreover, the record indicates that Plaintiff was

mainly taking over the counter medications, if anything (R. 254, 92, 83, 247). The ALJ did not err in failing to consider side effects of medications Plaintiff has not shown that he was even taking at the time.

### *CONCLUSION AND RECOMMENDATION*

The ALJ's decision is supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **respectfully recommended** that it be **AFFIRMED.** If this report is adopted, the Clerk should be directed to enter judgment accordingly and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 16, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy